IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC, | * |
| Plaintiff, | * |
| v. | * Civil No. **21-1868 PJM** |
| AMY TEX MEX BAR & GRILL CORP., *et al.*, | * |
| Defendants. | |

**MEMORANDUM OPINION**

On July 27, 2021, Plaintiff G&G Closed Circuit Events, LLC ("G&G") filed this action against Amy Tex Mex Bar & Grill Corporation (t/a Amy Tex-Mex Bar and Grill t/a Amy Tex Mex) ("Amy Tex Mex"), a commercial establishment located in Silver Spring, Maryland, and against Rosaly Chicas Rivera and Edith L. Villatoro, two individuals listed on Amy Tex Mex's Montgomery County Alcoholic Beverages Retail License. ECF No. 1. In its Complaint, G&G alleges violations of 47 U.S.C. § 553 (which proscribes theft from a cable network) and 47 U.S.C. § 605 (which protects companies against and the theft of their proprietary communications). *Id.* Defendant Rivera filed an Answer, ECF No. 12, but Defendants Amy Tex Mex and Villatoro failed to timely respond to the Complaint. G&G thus moved for entry of default. ECF NO. 13, 14.

After the Clerk entered the defaults of Defendants Villatoro and Amy Tex Mex (ECF No. 15) and sent notices to them (ECF Nos. 16, 17), the Court received Motion to Vacate the Order of Default entered against Defendant Villatoro (ECF No. 22) filed by Defendants Rivera and Villatoro. For the reasons that follow, the Motion will be **GRANTED**.

1

**I.**

G&G, a California corporation, is a distributor of sports and entertainment programing. It purchased the exclusive nationwide commercial distribution rights to the *Saul "Canelo" Alvarez v. Gennady "GGG" Golovkin II Championship Fight Program* (the "Program"). It thereafter entered into sublicensing agreements with commercial entities throughout North America, including entities within the State of Maryland, wherein it granted limited public exhibition rights to these entities for the benefit and entertainment of the patrons within their respective establishments (i.e., hotels, racetracks, casinos, taverns, bars, restaurants, social clubs, etc.). The interstate transmission, reception, publication, exhibition, display and/or exhibition of Plaintiff's Program was made available only to Plaintiff's customers, those commercial locations which paid Plaintiff the requisite license fees to exhibit the Program.

Plaintiff alleges that Defendants violated both 47 U.S.C. §§ 553 and 605 by knowingly intercepting, receiving, and exhibiting the Program without authorization. According to Plaintiff, on September 25, 2018, Defendants broadcast the program on a number of televisions at Amy Tex Mex. Plaintiffs requests statutory damages for §§ 553 and 605 in the amount of $60,000 and $110,000 respectively. Plaintiff also requests reasonable attorneys' fees, and all other costs of suit, including, but not limited to, filing fees, service of process fees, and investigative costs.

The record reflects that Defendants Rivera and Villatoro were served with the Complaint on July 30, 2021,[1] and Amy Tex Mex was served with the Complaint on August 4, 2021. Defendant Rivera, proceeding pro se, filed an Answer on August 19, 2021. ECF No. 12. Neither

---

[1] In the present motion, Defendants Rivera and Villatoro submit that service of process was improper. They have not, however, moved to quash service or to dismiss the Complaint for insufficient service of process. Furthermore, Defendant Rivera did not raise the defense of insufficient service of process in his first responsive pleading. Given that Defendant Rivera filed and answer and that Defendants Rivera and Villatoro have now asked the Court for permission to file additional responsive pleadings, the Court finds that Defendants Rivera and Villatoro received actual notice of the claims against them.

2

Defendant Amy Tex Mex nor Defendant Villatoro responded within the requisite time period, and Plaintiff moved for entry of default against them on September 7, 2021. On October 29, 2021, the Clerk of the Court issued an Order of Default as to both Defendants Amy Tex Mex and Villatoro. The corresponding notices sent to them informed them that they had thirty days to "file a motion to vacate the order of default."

On November 30, 2021, through recently retained counsel, Defendants Rivera and Villatoro filed the present "Motion to Vacate Order Default." ECF No. 22. They assert that Defendant Rivera's Answer was intended to be filed on behalf of himself and Defendant Villatoro, as they are a married couple and Defendant Villatoro does not read, write, or speak English. However, the Answer was sent and signed by Defendant Rivera only, and the rules do not permit an individual to be represented by someone other than an attorney, and all papers filed on behalf of an unrepresented individual must be signed by that person. Fed. R. Civ. P. 11(a). Having now retained counsel, Defendants Rivera and Villatoro ask the Court to vacate the default entered against Defendant Villatoro. They also ask the Court to allow them to file an Amended Answer, a copy of which they have appended to their motion. ECF No. 22-3.

## II.

In a similar case, Judge Xinis concisely described the relevant standard for motions to vacate default:

> A court may "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The United States Court of Appeals for the Fourth Circuit has announced a "strong policy that cases be decided on their merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993). Therefore, a motion to vacate default must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Id.* The moving party "should proffer evidence that would permit a finding

> for the defaulting party." *Russell v. Krowne*, No. DKC 08-2468, 2013 WL 66620, at *2 (D. Md. Jan. 3, 2013).
>
> In determining whether to set aside an entry of default, the Court considers if the movant has a meritorious defense, acted with reasonable promptness, and bears personal responsibility for the entry of default. *See Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006). The Court also must consider if the delay of proceedings caused any prejudice to the non-moving party, any history of dilatory action, and the availability of lesser sanctions short of default judgment. *See id.*; *see also Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

*Kihn v. Vavala*, No. 18-cv-02619-PX, 2019 WL 2492350, at *2 (D. Md. June 14, 2019) (granting Defendant's motion to vacate entry of default and denying Plaintiff's motion to strike Defendant's belated answer). *See also Braxton v. Jackson*, No. 18-cv-1946-DKC, 2020 WL 6889257, at *2 (D. Md. Nov. 24, 2020) (granting Defendant's motion to vacate entry of default and ordering Defendant to file a supplemental answer).

## III.

Defendants Rivera and Villatoro's motion demonstrates "good cause" for setting aside the Clerk's entry of default. Fed. R. Civ. P. 55(c). They argue that that Defendant Villatoro has acted in good faith and entry of default against her would frustrate the basic requirements of due process that promise the right to be heard. ECF No. 22 at 3. They further argue that the filing of Defendant Rivera's Answer shows that they contest the allegations set forth in the Complaint and intend to pursue a meritorious defense. *Id.* at 2. Moreover, they argue that Plaintiff will not suffer any prejudice as there has been no significant delay in the litigation. *Id.*

Defendants Rivera and Villatoro have offered some explanation for Defendant Villatoro's failure to file, namely that Defendant Rivera's Answer, which he filed pro se, was purported to be filed on behalf of himself and his wife. The Court need not deeply analyze Defendant Villatoro's inaction here because as "moving under Rule 55(c) ... does not require a finding of

4

excusable delay." Given the strong policy that cases be decided on their merits, the Court finds that Defendant Villatoro's short delay in this case is tolerable, especially for a defendant unfamiliar with federal court procedures. In addition, Plaintiff has not responded in opposition to this motion. Therefore, although Defendant Villatoro "may have been somewhat at fault" in her failure to timely respond, "this fact alone [does] not mandate denial" of her motion to vacate. *Kihn*, 2019 WL 2492350, at \*2-\*3 (quoting *Wainright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F.Supp.2d 712, 720 (D. Md. 2001)). The motion to vacate the entry of default as to Defendant Villatoro will be granted.

## IV.

For the foregoing reasons, the Motion to Vacate Default against Defendant Villatoro is **GRANTED**.

Defendants Rivera and Villatoro **SHALL FILE** an Amended Answer to the Complaint within fourteen (14) days.

A separate Order will **ISSUE**.

January __, 2022

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE