IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**G&G CLOSED CIRCUIT EVENTS, LLC,**

    Plaintiff,

v.

                                Civil No. **PJM-21-1868**

**AMY TEX MEX BAR & GRILL CORP.** *et al.*,

    Defendants.

## MEMORANDUM OPINION

On July 27, 2021, Plaintiff G&G Closed Circuit Events, LLC ("G&G") filed this action against Amy Tex Mex Bar & Grill Corporation (t/a Amy Tex-Mex Bar and Grill t/a Amy Tex Mex) ("Amy Tex Mex"), a commercial establishment located in Silver Spring, Maryland, and against Rosaly Chicas Rivera and Edith L. Villatoro, two individuals listed on Amy Tex Mex's Montgomery County Alcoholic Beverages Retail License. ECF No. 1. In its Complaint, G&G alleges violations of 47 U.S.C. § 553 (which proscribes theft from a cable network) and 47 U.S.C. § 605 (which protects companies against the theft of their proprietary communications). *Id.* Pending before the Court is G&G's Motion for Default Judgment as to Amy Tex Mex. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. L.R. 105.6. For the reasons that follow, the Motion is **GRANTED**.

## I.    BACKGROUND

G&G, a California corporation, is a distributor of sports and entertainment programming. It purchased the exclusive nationwide commercial distribution rights to the *Saul "Canelo" Alvarez v. Gennady "GGG" Golovkin II Championship Fight Program* (the "Program"). It thereafter

1

entered into sublicensing agreements with commercial entities throughout North America, including entities within the State of Maryland, wherein it granted limited public exhibition rights to these entities for the benefit and entertainment of the patrons within their respective establishments (i.e., hotels, racetracks, casinos, taverns, bars, restaurants, social clubs, etc.). The interstate transmission, reception, publication, exhibition, display and/or exhibition of Plaintiff's Program was made available only to Plaintiff's customers, those commercial locations which paid Plaintiff the requisite license fees to exhibit the Program.

Amy Tex Mex operates an establishment located in Silver Spring, Maryland. Amy Tex Mex did not purchase a license from G&G to show the Program to patrons. In an affidavit attached to G&G's complaint, a private investigator declared that, on the evening of September 15, 2018, she entered Amy Tex Mex and observed that the Program was being shown on five televisions in the restaurant. ECF No. 1-4 at 2. Between 10 and 31 people were inside the restaurant, which had a capacity of 125 people. *Id.* According to the rate card for the Program, G&G would have charged $5,300 to broadcast the Program to a venue with a capacity of 101–200 people. ECF No. 29-6.

Plaintiff alleges that Defendants violated both 47 U.S.C. §§ 553 and 605 by knowingly intercepting, receiving, and exhibiting the Program without authorization. Plaintiff's Complaint requested statutory damages for §§ 553 and 605 in the amount of $60,000 and $110,000 respectively. Plaintiff also requested reasonable attorneys' fees, and all other costs of suit, including, but not limited to, filing fees, service of process fees, and investigative costs.

The record reflects that Defendants Rivera and Villatoro were served with the Complaint on July 30, 2021, and Amy Tex Mex was served with the Complaint on August 4, 2021. Defendant Rivera, proceeding pro se, filed an Answer on August 19, 2021. ECF No. 12. Neither Defendant Amy Tex Mex nor Defendant Villatoro responded within the requisite time period, and Plaintiff

2

moved for entry of default against them on September 7, 2021. On October 29, 2021, the Clerk

of the Court issued an Order of Default as to both Defendants Amy Tex Mex and Villatoro. ECF

No. 15. On November 30, 2021, through counsel, Defendants Rivera and Villatoro filed a Motion

to Vacate the Order of Default as to Villatoro. ECF No. 22. The Court granted that Motion on

January 4, 2022, ECF No. 24, and the claims against Defendants Rivera and Villatoro were referred

to Judge Sullivan for settlement on February 2, 2022. ECF No. 28. Defendant Amy Tex Mex has

failed to file a responsive pleading. On February 2, 2022, G&G filed the present Motion for

Default Judgment, requesting the Court award $21,200 in damages pursuant to the alleged

violation of § 605, as well as $2,808.60 in attorneys' fees and costs.

## II.    DISCUSSION

### A.  Legal Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead

or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the

party's default." Fed. R. Civ. P. 55(a). After a default has been entered by the clerk, the court may

enter a default judgment upon the plaintiff's application and notice to the defaulting party. Fed. R.

Civ. P. 55(b)(2). A defendant's default does not automatically entitle the plaintiff to entry of a

default judgment; rather, that decision is left to the discretion of the court. *See Baltimore Line

Handling Co. v. Brophy*, 771 F.Supp.2d 531, 540 (D. Md. 2011). The Fourth Circuit has a "strong

policy that cases be decided on their merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453

(4th Cir. 1993), but default judgment may be appropriate where the "adversary process has been

halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418,

421 (D. Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C.Cir.1980)). In reviewing a

Motion for Default Judgment, the court accepts as true the well-pleaded factual allegations in the

complaint as to liability. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). If liability is established, the Court must then determine the appropriate amount of damages. *Id.* at 780–81.

Defendant Amy Tex Mex is an "essentially unresponsive" party in this action, and G&G has demonstrated liability under § 605 in its Complaint and other filings. Therefore, the Court finds that default judgment is proper in this case.

### B. Liability

47 U.S.C. § 605and 47 U.S.C. § 553 address "different modalities of so-called 'cable theft.'" *J&J Sports Prods., Inc. v. Mayreal II, LLC*, 849 F. Supp. 2d 586, 588 (D. Md. 2012). Section 605(a) prohibits the unauthorized interception or receipt of certain "radio" communications, 47 U.S.C. § 605(a), and has been interpreted to include the unauthorized interception of "digital satellite television transmissions." *Mayreal II*, 849 F. Supp. 2d at 588 n.3. Section 553(a) prohibits the unauthorized interception or receipt of certain cable communication. 47 U.S.C. § 553(a). Consistent with the general principle that courts should preclude double recovery, plaintiffs cannot recover under both statutes. *See Zuffa, LLC v. Shin*, No. 19-cv-2768-TDC, 2021 WL 3511125, at *2 (D. Md. Aug. 10, 2021) (citing *Gen. Tel. Co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318, 333 (1980)).

Because § 605 and § 553 are strict liability statutes, a complaint need only plausibly allege that "a business entity displayed the [Program] at its establishment, without authorization from Plaintiff, on a particular date and at a particular time." *Joe Hand Promotions, Inc. v. Luz, LLC*, No. 18-cv-3501-DKC, 2020 WL 374463 at *2 (D. Md. Jan. 23, 2020). Here, G&G has alleged that on September 15, 2018, Amy Tex Mex displayed the Program without authorization or license. *See* Compl. ¶¶ 14–25, ECF No. 1. Indeed, G&G has offered facts, as stated in the investigator's

4

affidavit, that Amy Tex Mex played the Program on five televisions throughout the restaurant. ECF Nos. 1-4, 29-5. Accordingly, the Court finds that G&G's factual allegations establish that it is an aggrieved party entitled to relief.

**C. Damages**

G&G requests an award of $24,008.60 in damages. G&G's request amounts to $5,300 in statutory damages under § 605(e)(3)(C)(i)(II) and $15,900 in enhanced damages under § 605(e)(3)(C)(ii), and $2,808.60 in attorneys' fees and costs. The Court finds that G&G is entitled to the requested statutory damages and attorneys' fees and costs but will only award $10,600 in enhanced damages.

1. Statutory Damages

G&G requests $5,300 in statutory damages, the amount equivalent to the cost Amy Tex Mex would have paid for the right to display the Program, according to a "rate card" included as an attachment to the Motion. See ECF No. 29-6. Section 605(e)(3)(C)(i)(II) provides for statutory damages of at least $1,000 and no more than $10,000 per violation.

Courts have taken various approaches to calculating the proper award of statutory damages. In a similar case, Judge Nickerson summarized the various approaches for calculating statutory damages under § 605:

"Courts in this Circuit have used two different approaches to exercising [ ] discretion in awarding damages under § 605(e)(3)(C) (i)(II). The first approach has two variations. This approach involves multiplying a certain amount by either the number of patrons observed in the defendant's establishment at the time the program was shown or by the maximum occupancy of the establishment. The first variation seeks to approximate the defendant's profits or the plaintiffs lost earnings assuming each patron would have ordered the event for residential viewing. The second variation seeks to award the license fee the defendant would have paid if it had legally purchased the event for exhibition. Id. The other approach to calculating damages is to award a flat sum per violation."

5

*J&J Sports Prods. Inc. v. Quattrocche*, No. 09-cv-3420-WMN, 2010 WL 2302353, at \*2 (D. Md. June 7, 2010) (internal citations omitted).

Here, G&G requests statutory damages calculated by the "second variation" of the "first approach": the amount equal to the price that Amy Tex Mex would have paid had it purchased a license for the Program. This request for statutory damages is consistent with what courts in this District has awarded similar plaintiffs for similar claims, notwithstanding the requested damages amount. *See, e.g. J&J Sports Prods., Inc. v. Lacasa Del Mofongo LLC*, No. 18-cv-1283-PX, ECF No. 10, at \*4 (D. Md. Nov. 19, 2018) (awarding statutory damages in the amount Defendants would have had to pay for the program they illegally broadcast); *J&J Sports Prods, Inc v. Intipiqueno*, No. 15-cv-1325-DKC, 2016 WL 1752894, at \*3 (D. Md. May 3, 2016) (same). Therefore, the Court concludes that statutory damages will be awarded in the amount of $5,300, as that is the amount G&G would have charged according to the rate card for the Program.

2. Enhanced Damages

This Court must also consider whether G&G is entitled to enhanced damages. G&G requests $15,900 in enhanced damages, or three times its request for statutory damages. However, the Court will only award G&G $10,600 in enhanced damages, or twice its statutory damages award.

Section 605(e)(3)(C)(ii) allows plaintiffs to receive enhanced damages of up to $100,000 per violation where those violations were "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." To determine whether enhanced damages are warranted, courts in this Circuit consider several factors: "1) evidence of willfulness; 2) repeated violations over an extended period of time; 3) substantial unlawful monetary gains; 4)

6

advertising the broadcast; and 5) charging an admission fee or charging premiums for food and drinks." *Quattroche*, 2010 WL 2302353, at *2 (citations omitted).

Here, the factors weigh in favor of an award of enhanced damages, but not in the amount G&G seeks. The allegations in G&G's Complaint describe a willful violation of § 605, as "[s]ignals do not descramble spontaneously, nor do television sets connect themselves to cable distribution services." *J&J Prods., Inc. v. RBP, Inc.*, No. 11-cv-3336-DKC, 2012 WL 5947537 *4 (D. Md. Nov. 27, 2012) (citations omitted). However, G&G concedes in its Motion that Amy Tex Mex is not a repeat violator, did not charge a cover fee for admission and did not appear to advertise that it would show the unlawful broadcast. ECF No. 29 at 8. Nonetheless, G&G argues that enhanced damages of three times the awarded statutory damages are proper "to deter potential future unlawful uses of communications." *Sabor Latino*, 2014 WL 2964477, at *3.

However, in some recent cases, courts in this District have determined that awards of double enhanced damages are appropriate where no cover fee was charged and the infringing venue was well below its maximum capacity during the unlawful broadcast. See *Lacasa Del Mofongo*, No. 18-cv-1283-PX, ECF No. 13, at *4 (order granting modification of judgment to include enhanced damages of two times statutory damages where the defendant venue did not charge a cover fee and never reached over 50% capacity); *Seafood Palace Buffet*, 2018 WL 4494886, at *1 (adopting magistrate's recommendation of double statutory damages where no cover fee was charged and the venue was "substantially below capacity"); *J&J Sports Prods., Inc. v. Shiva Foods, Inc.*, No. 14-cv-2049-PWG, ECF No. 17 (D. Md. May 19, 2015) (adopting magistrate's recommendation of double statutory damages where no cover fee was charged and the venue only reached "approximately half" of its maximum capacity).

The Court finds that the factors weigh in favor of an award of double enhanced damages given that Amy Tex Mex did not charge a cover fee to view the Program and the establishment remained at less than 25% capacity. ECF No. 29-5 at 1. An award of double enhanced damages is sufficient to achieve the purpose of § 605(e)(3)(C)(ii) in deterring willful violations. *See Lacasa Del Mofongo*, No. 18-cv-1283-PX, ECF No. 13, at *4. Accordingly, the Court awards $10,600 in enhanced damages.

### 3. Attorneys' Fees and Costs

Finally, G&G asks for an award of attorneys' fees and costs. Under § 605(e)(3)(B)(iii), a prevailing party is entitled to reasonable attorneys' fees and associated costs. A plaintiff bears the burden of demonstrating the reasonableness of this amount. *See Rio Bravo*, 2017 WL 6722810 at * 4. Courts in the Fourth Circuit use the "lodestar" method for attorneys' fees calculations, where "a reasonable hourly rate [is multiplied] by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008); *J&J Sports Prods. Inc. v. Mumford*, No. 10-cv-2967-DKC, 2013 WL 210623 (D. Md. Jan. 17, 2013). In determining "reasonable" hourly rates and hours worked, the Court considers several factors:

> "(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases."

*Brodziak v. Runyon*, 145 FF.3d 194, 196 (4th Cir. 1998) (internal citations and quotations omitted).

Hourly rates are presumed to be reasonable if they fall within the guidelines of Appendix B of the Local Rules. *See Nissan Motor Acceptance Corp. v. Pensare, LLC*, No. 18-cv-3528-SAG,

8

2019 WL 7370326, at *3 (D. Md. Dec. 31, 2019).  Requests for costs are governed by Local Rule

109.  *Rio Bravo*, No. 16-cv-3767-GJH, 2017 WL 6722810 at *4 (D. Md. Dec. 27, 2017).

     G&G has provided a detailed Statement of Attorneys' Fees detailing the hours worked in

this action, the specific tasks worked on, each individual's years of experience, and relevant billing

rates.  ECF No. 29-8 at 4.  Attorney Richard M. Kind has 40 years of experience and has billed

$350/hour for 1.9 hours worked on this case.  ECF No. 29-8 at 1.  Attorney Ryan C. Kind has 7

years of experience and has billed $250/hour for 3.5 hours worked on this case.  *Id.*  These rates

are within the presumptively reasonable rates listed in Appendix B of the Local Rules for lawyers

with their relative levels of experience.  See D. Md. L.R. App. B.

     G&G also requests $1,268.60 in costs, representing an Investigator Fee, Filing Fee, FedEx

shipping charge for delivering the complaint to the courthouse, and Process Server Fees.  As

required by Local Rule 109(b), G&G has attached to its Affidavit and Certification of Attorneys'

Fees and Costs exhibits supporting the expense of each item listed.  ECF No. 29-8 at 5–9.  These

costs are consistent with costs awarded in similar cases.  *See, e.g., Joe Hand Promotions, Inc. v.

Aguilar*, No. 19-cv-0458-TDC, 2019 WL 5588857 (D. Md. Sept. 20, 2019) (adopting magistrate's

recommendation and awarding all requested costs to plaintiffs which included investigator fees,

filing fees, and service of process fees).  The Court finds that G&G's request for attorneys' fees

and costs is reasonable.  G&G will be awarded $2,808.60 in attorneys' fees and costs.

### III.   Conclusion

     For the foregoing reasons, the Motion for Default Judgment, ECF No. 29, is **GRANTED**

in the amount of $18,708, and judgment is entered as to against Amy Tex Mex Bar & Grill

Corporation (t/a Amy Tex-Mex Bar and Grill t/a Amy Tex Mex).

9

A separate Order will **ISSUE**.

March __, 2022

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE